UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

TRISURA SPECIALTY INSURANCE
COMPANY,

Plaintiff,

v.

KENNETH HOLMES, SHONNA HYATT,
WILLIAMS TRUCKING COMPANY INC.,

Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, TRISURA SPECIALTY INSURANCE COMPANY ("Trisura" or "Plaintiff"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby files this Complaint for Declaratory Judgment against Defendants, KENNETH HOLMES ("Holmes"), SHONNA HYATT ("Hyatt"), and WILLIAMS TRUCKING COMPANY INC. ("Williams Trucking") (collectively, the "Defendants"), and states as follows:

### INTRODUCTION

1. In this action, Trisura seeks a declaration that it does not owe a duty to defend or indemnify Williams Trucking in a lawsuit captioned *Kenneth Holmes and Shonna Hyatt v. Onofre Jaramillo Orrostieta, et al.*, Case No. 2020CA000643, which is pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida (the "Underlying Action").

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800 Fax: (305) 530-0801

2. As discussed in greater detail below, the Underlying Action arose out of an accident that occurred in Polk County, Florida between Holmes and Onofre Jaramillo Orrostieta ("Orrostieta").

3. Trisura issued a Hired And Non-Owned insurance policy to Williams Trucking for the policy period September 30, 2018 to September 30, 2019, with a $1 Million limit of liability, subject to a Deductible Liability Insurance BI/PD Combined Per Occurrence limit of $2,000.00 (the "Policy").

4. There is a justiciable controversy relating to the rights and duties of the parties to this action under the Policy. Specifically, Holmes, Hyatt and Williams Trucking contend that Trisura is required to defend and indemnify Williams Trucking in the Underlying Action while Trisura contends, for the reasons set forth below, that Trisura does not owe a duty to defend and indemnify Williams Trucking in the Underlying Action.

5. Holmes and Hyatt are interested parties who have been included as defendants in order to bind them to the result of this action.

## THE PARTIES

6. Trisura is a corporation existing under the laws of the State of Oklahoma with its principal place of business in Oklahoma City, Oklahoma. Trisura is therefore a citizen of Oklahoma.

7. Upon information and belief, at all material times hereto, Defendant, Holmes is an individual domiciled in, and a citizen of, Hillsborough County, Florida, and is therefore a resident and citizen of Florida.

8. Upon information and belief, at all material times hereto, Defendant, Hyatt, is an individual domiciled in, and a citizen of, Hillsborough County, Florida, and is therefore a resident and citizen of Florida.

9. Upon information and belief, at all material times hereto, Defendant, Williams Trucking, is a Florida corporation with its principal place of business in Plant City, Florida. Williams Trucking is therefore a citizen of Florida.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1) because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over the Defendants because the Defendants are residents of, or conduct substantial business in, Florida.

12. Venue is proper in the United States District Court of the Middle District of Florida pursuant to 28 U.S.C. § 1391 because the events giving rise to the claim at issue occurred within this District. Additionally, Defendants Holmes and Hyatt commenced a civil action for damages that gives rise to this insurance coverage dispute in the Tenth Judicial Circuit in and for Polk County, Florida, which is situated within this District.

13. Pursuant to Local Rule 1.02(c), this matter is properly being instituted in the Tampa Division of the Middle District of Florida, as the counties comprising the Tampa Division have the greatest nexus with the present case.

## THE UNDERLYING LITIGATION

14. On or about February 20, 2020, Holmes and Hyatt filed a Complaint against Orrostieta, individually, Orrostieta d/b/a O.J. Trucking, and Williams Trucking in the Tenth Judicial Circuit Court in and for Polk County, Florida. A copy of the Complaint is attached as Exhibit "A."

15. The Complaint in the Underlying Action alleges that on October 15, 2018, in Polk County, Florida, Holmes and Orrostieta were each traveling southbound on U.S. Highway 98, with Orrostieta directly behind Holmes. *See* Compl. at ¶¶ 9-10.

16. The Complaint in the Underlying Action alleges that Orrostieta, who was operating a 2001 Peterbilt for Orrostieta d/b/a O.J. Trucking ("O.J. Trucking") and Williams Trucking, failed to brake or slow down and crashed into the vehicle that Holmes was operating (the "Accident"). *See* Compl. at ¶¶ 10-11.

17. According to the Complaint in the Underlying Action, Holmes slowed down due to the presence of a marked Polk County Sheriff's patrol car directing traffic because of the presence of emergency equipment in or near the intersection. *See* Compl. at ¶ 9.

18. The Complaint in the Underlying Action alleges that Orrostieta was acting within the course and scope of his employment with O.J. Trucking and Williams Trucking at the time of the Accident. *See* Compl. at ¶ 12.

19. The Complaint in the Underlying Action asserts claims against Williams Trucking for: (1) Negligence on behalf of Holmes (Count III); and (2) for Loss of Consortium on behalf of Hyatt (Count VI). *See* Compl. at p. 5-6, 8.

20. In the Negligence count in the Underlying Action (Count III), Holmes alleges that Williams Trucking was directly and vicariously liable for the negligent acts and omissions of its

agents, servants, employees, contractors, owners and/or directors acting within the course and scope of such relationship, including the actions of Orrostieta. *See* Compl. at ¶¶ 25, 27.

21. The Complaint in the Underlying Action also includes a Derivative claim against Williams Trucking by Hyatt, as the wife of Holmes (Count VI). *See* Compl. at ¶¶ 35-37.

22. Williams Trucking tendered the Complaint filed in the Underlying Action to Trisura for defense and indemnity.

## THE INSURANCE POLICY

23. Trisura issued a Hired And Non-Owned Insurance Policy to Williams Trucking Company Inc. bearing policy number EPM-HNO1005-18 for the policy period September 30, 2018 to September 30, 2019 (the "Policy"). A true and correct copy of the Policy is attached as Exhibit "B."

24. The Policy contains an insuring agreement that provides, in relevant part, as follows:

SECTION I – COVERAGE – LIABILITY COVERAGE

A. INSURING AGREEMENT

1. INSURING AGREEMENT

   A. Subject to the other provisions of this Policy, "We" will pay those sums that "You", the "Insured", named in the Declarations Page of this Policy, becomes legally obligated to pay as "Damages", to which this insurance applies . . . .
   B. We have no duty to defend any "Insured" against a "Suit" seeking damages for "Bodily Injury" . . . to which this insurance does not apply.
   ….

*See* Ex. B, Form NOHA 02 0918.

25. Coverage under the Policy is subject to the Policy's Special Conditions Endorsement, which provides, in pertinent part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SPECIAL CONDITIONS ENDORSEMENT**

As a condition of the insurance provided by the policy, you agree:

….

5. All driver are required to carry the agreed $1,000,000 CSL or more.

**I have read this SPECIAL CONDITIONS OF COVERAGE in its entirety and agree on behalf of all Insureds, to comply with all of its terms and conditions[.]**

*See* Ex. B, Form Endorsement USMC 01 (03/18).

26.  The Special Conditions Endorsement was signed by Dwayne Williams, CFO of Williams Trucking, on September 25, 2018.  *See Id.*

27.  Notwithstanding the requirements of the Policy's Special Conditions Endorsement, at the time of the accident, Orrostieta, the driver of the 2001 Peterbilt that was involved in the Accident, was not carrying insurance with the agreed $1,000,000 CSL or more.

28.  Trisura is defending Williams Trucking in the Underlying Action under a full reservation of rights, including the right to seek a declaratory judgment adjudicating its obligations of defense and indemnity under the Policy for the Underlying Action.

**COUNT I: CLAIM FOR DECLATATORY JUDGMENT**
**(No Duty to Defend the Underlying Action)**

29.  Trisura adopts and re-alleges the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30.  An actual, justiciable controversy has arisen over whether the Policy issued by Trisura provides coverage for the claims against Williams Trucking in the Underlying Action.

31.  Trisura contends that it does not have any duty to defend Williams Trucking in the Underlying Action with regard to the claims alleged against Williams Trucking because Williams

Trucking did not comply with the Policy's Special Conditions Endorsement, which is a condition precedent to coverage.

32. Accordingly, Trisura contends that the Policy does not afford a defense for the claims alleged against Williams Trucking in the Underlying Action.

33. There exists a bona fide actual, present and practical need for a declaration regarding coverage under the Policy and the rights and obligations of Trisura.

34. The rights and obligations of Trisura under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

35. Trisura and Williams Trucking have an actual, present controversy in the subject matter described herein.

**WHEREFORE**, Plaintiff, Trisura Specialty Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that Trisura has no obligation to defend Williams Trucking under the Policy in the Underlying Action; and (b) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

### COUNT II: CLAIM FOR DECLATATORY JUDGMENT
#### (No Duty to Indemnify for the Underlying Action)

36. Trisura adopts and re-alleges the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

37. An actual, justiciable controversy has arisen over whether the Policy issued by Trisura provides coverage for the claims against Williams Trucking in the Underlying Action.

38. Trisura contends that the Policy does not provide coverage for the claims alleged against Williams Tricking in the Underlying Action because Williams Trucking did not comply with the Policy's Special Conditions Endorsement, which is a condition precedent to coverage.

39. Accordingly, Trisura contends that the Policy does not provide indemnity for the claims alleged against Williams Trucking in the Underlying Action.

40. There exists a bona fide actual, present and practical need for a declaration regarding coverage under the Policy and the rights and obligations of Trisura.

41. The rights and obligations of Trisura under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

42. Trisura and Williams Trucking have an actual, present controversy in the subject matter described herein.

**WHEREFORE**, Plaintiff, Trisura Specialty Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that Trisura has no obligation to indemnify Williams Trucking under the Policy in the Underlying Action; and (b) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

DATED this 8th day of March, 2021.

Respectfully submitted,

**KAPLAN ZEENA LLP**
*Attorneys for Plaintiff,*
*Trisura Specialty Insurance Company*
2 South Biscayne Blvd.
Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801

By: /s/ *James M. Kaplan*
JAMES M. KAPLAN
Florida Bar No.:921040
james.kaplan@kaplanzeena.com
elizabeth.salom@kaplanzeena.com
KIMBERLY S. HEIFFERMAN
Florida Bar No.: 055996
kimberly.heifferman@kaplanzeena.com
marlen.cabo@kaplanzeena.com